George **GRAHAM, Thomas Kinsella, Jerome Pluta, Warren Rylko, Robert Herr, Martin Gainer** and **Joseph Paluch,** Plaintiffs,

v.

**CITY OF CHICAGO, Defendant.**

No. 92 C 3364.

United States District Court, N.D. Illinois, E.D.

July 21, 1993.

Patricia Anne Collins, Stephen Jay Feinberg, Marvin Gittler, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, IL, for plaintiffs.

Kathryn Zeledon Nelson, Jennifer Anne Naber, City of Chicago, Law Dept. Corp. Counsel, Frank B. Garrett, III, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

This matter is before us upon the Defendant's Motion for Summary Judgment and the Plaintiffs' Partial Motion for Summary Judgment on the Question of Liability. For the reasons set forth below, the City's motion is granted in part and denied in part. The Plaintiffs' motion is granted.

### Background

This is an action under the Fair Labor Standards Act ["FLSA"]. *See* 29 U.S.C. §§ 201 *et seq.* The Plaintiffs are Chicago Police Officers assigned to canine duties and attached to either the Narcotics Division of the force or to the federal Drug Enforcement Administration. Plaintiffs are required to board their dogs at their homes and feed, exercise and groom the dogs during their off-duty hours. The City does provide a kennel to be used at the police officers' home, dog food and veterinary care. Thus, the officers are required to transport the dogs to and from work in unmarked police cars, and are required to drive directly to and from work.

Plaintiffs claim that the time spent transporting the dogs to and from work is compensable under the FLSA as amended by the Portal to Portal Act. *See* 29 U.S.C. § 254. Defendant City argues that the mere presence of the dogs in the cars does not transform otherwise noncompensable travel time to compensable work time. In the alternative, the City argues that a portion of the Plaintiffs' claims are barred by the applicable statute of limitations.

### Findings of Fact and Conclusions of Law

■ For defendants to prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). At this stage, we do not weigh evidence or determine the truth of asserted matters. We simply determine whether there is a genuine issue for trial, i.e., "whether a proper jury question was presented." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If the nonmoving party bears "the burden of proof at trial on a dispositive issue, [however] ... the nonmoving party [is required] to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), quoting Fed.R.Civ.P. 56(e). Summary judgment may be issued on the question of liability alone. Fed.R.Civ.P. 56(c).

### I. Whether the Time Spent Traveling is Compensable Work

■ The issue presented to us today is not one of great legal complexity. The Fair Labor Standards Act, when reduced to its

essential form, merely requires employers to compensate employees for all hours worked. *See* 29 U.S.C. § 201 *et seq.* The City argues that the time spent by the officers traveling to and from work does not constitute hours worked under the FLSA.[1]

We note that claims regarding compensation of dog handlers in law enforcement are enjoying a surge in popularity lately. Several courts have indicated that the time spent caring for police canines at home may be compensable work under the FLSA. *See, e.g., Udvari v. United States,* 28 Fed.Cl. 137 (Ct.Fed.Cl.1993); *Truslow v. Spotsylvania County Sheriff,* 783 F.Supp. 274, 279 (E.D.Va.1992), *aff'd,* 993 F.2d 1539 (4th Cir. 1993) (unpublished disposition, text in Westlaw); *Amshey v. United States,* Claims Ct. No. 583–86C (Cl.Ct. filed Aug. 14, 1989).

A judge in this district recently addressed the issue in *Nichols v. City of Chicago,* 789 F.Supp. 1438 (N.D.Ill.1992) (Alesia, J.) After Judge Alesia refused to grant summary judgment to the City on issue of whether time spent caring for dogs at home was compensable, the parties reached a settlement compensating the officers for the time spent caring for the dogs at home. The present case is essentially constructed upon the same arguments that were presented in *Nichols,* and involves some of the same plaintiffs. Here, the Plaintiffs seek to extend the definition of work time beyond home care of the animals to cover transporting them as well.

Though several courts have addressed the issue of home care for police canines, the issue of whether transporting the animals to and from work is compensable has not been squarely addressed. Though one court has decided that such activities are not compensable as a matter of law, the issue was addressed only briefly in a footnote. *See Truslow,* 783 F.Supp. at 277 n. 5 (deciding, without analysis, that time spent traveling to and from work with dog was not compensable).

█ Certainly, time spent in ordinary home to work travel is not compensable work time. *See, e.g.,* 29 U.S.C. § 254(a)(1); 29 C.F.R. § 785.35. However, the Department of Labor has taken the position that the time spent by canine unit officers commuting with their dogs is more than ordinary commuting and compensable under the FLSA. *See Martin v. New York City Transit Auth.,* 148 F.R.D. 56 (E.D.N.Y.1993) (Orenstein, M.J.). Unfortunately, the litigation has not progressed to the point where it would be of any guidance to us here beyond revealing the view of the Department of Labor. *See id.* (discussing discovery disputes in a colorful opinion laced with dog references such as "on a short lease," "dogma" and "barking up the wrong tree.") We shall take judicial notice of the DOL's position in the New York litigation. *See, e.g. Kramer v. Time–Warner,* 937 F.2d 767, 774 (2d Cir.1991) ("Courts routinely take judicial notice of documents filed in other courts...."); *PMC, Inc. v. Sherwin–Williams,* No. 93 C 1379 at 5–6, 1993 WL 259442 (N.D.Ill. filed July 6, 1993) (Plunkett, J.) (same).

Despite the lack of authority on this question, however, we read the case law and regulations in this area as leading to only one conclusion. Time spent transporting the canines is compensable under the FLSA under the facts presented to us today.

## A. The Portal to Portal Act

The Portal to Portal Act was enacted in 1947 to close a loop-hole in the FLSA. Through that loophole swam a deluge of lawsuits filed by employees seeking compensation for time spent commuting or performing other "portal-to-portal" activities. The Portal to Portal Act neatly eliminated this problem, or so it seemed at that time, by voiding all such claims that had arisen to that point except in narrow circumstances and providing detailed guidelines for future cases. *See*

---

1. The general overtime statute, Section 7(a)(1) of the FLSA, does not apply to police officers. *See* 29 U.S.C. § 207(a)(1). Section 7(k) of the FLSA partially exempts police officers from the requirements of section 7(a) because they generally work in shifts or tours. 29 U.S.C. § 207(k). Under section 7(a)(1), an employee must work 160 hours per 28 day period before the employer must pay overtime. A police officer, on the other hand, must work 171 hours per 28 day period before the public agency must pay overtime. *See Nichols,* 789 F.Supp. 1438, 1440 (*citing* 29 C.F.R. § 553.230).

29 U.S.C. § 252 (claims prior to May 14, 1947, eliminated unless activity was compensable by contract, custom, or practice).

■ Section 4 of the Act, which controls all claims after May 14, 1947, excluded from FLSA coverage (and thus made noncompensable): (1) walking, riding or traveling to and from the actual place of performance of the principal activity, or activities which such employee is employed to perform; and (2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities. *See* 29 U.S.C. § 254(a).[2] Accordingly, while the employer must compensate the employee for work performed as a part of his principal activity, activities found to be "preliminary or postliminary" to an employee's principal activity are explicitly made noncompensable under the FLSA by section 4 of the Portal to Portal Act. 29 U.S.C. § 254(a)(1). Naturally, the effect of this language is a new flood of litigation over what is preliminary or postliminary as opposed to what is, in fact, an integral part of the principal activity itself.

In the present case, Defendant contends that the Plaintiffs' travel time is not converted to compensable work time by the mere presence of the dogs. Rather, the City argues that it is preliminary or postliminary to the plaintiffs' principal activities as canine police officers and hence excluded from FLSA coverage. The Plaintiffs contend that their commuting time with the dogs is so integrally related to their principal activities as to be considered a part of their principal activities.

### 1. *The Case Law and DOL Regulations*

There is not a great deal of explicit statutory language or legislative history to enlighten our inquiry. However, the case law and regulations put flesh upon the skeletal legislative history of the Portal to Portal Act, and together they form the basis for our decision in this matter.

### a. *The Cases*

The Plaintiffs' argument here, as in *Nichols,* tracks the Supreme Court's decision in the seminal case of *Steiner v. Mitchell,* 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267 (1956). In *Steiner,* the Court stated that "activities performed either before or after the regular work shift, on or off the production line, are compensable under the portal-to-portal provisions of the [FLSA] if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed and are not specifically excluded by Section 4(a)(1)." *Steiner,* 350 U.S. at 256, 76 S.Ct. at 335.

Section 4(a)(1) explicitly excludes ordinary commuting time from FLSA coverage. Thus, the question before us is whether transporting the canines transforms the Plaintiffs' noncompensable travel time to an integral part of their principal activity.

■ Of course, *Steiner* left much room for disagreement as to what is integral to an employee's principal activities. Whether the activity is a principal activity or integral to a principal activity is, then, a question to be decided on the particular facts of each case. We look to "whether [the activities] are performed as part of the regular work of the employees in the ordinary course of business." *Dunlop v. City Elec., Inc.,* 527 F.2d 394, 401 (5th Cir.1976). In *Dunlop,* the court found it crucial that the plaintiffs' pre-shift activities were "necessary to the business and [are] performed by the employees, primarily for the benefit of the employer." *Dunlop,* 527 F.2d at 400–01 (pre-shift activities of electricians, such as the filling out of time and material sheets and preparing trucks for work were "within the range of principal activities covered by the act and were performed at the behest and for the benefit of the employer.")

■ Here, the City argues that the Plaintiffs' benefit from the use of an unmarked police car to transport the dogs and themselves to and from work. However, the fact that the employees may also benefit from the activity is not determinative. To the con-

---

**2.** Section 254(b) states that subsection (a) does not relieve an employer of liability when such activity is compensable by contract, custom, or practice. 29 U.S.C. § 254(b).

trary, "[t]he activity is employment under the Act if it is done at least in part for the benefit of the employer, even though it may also be beneficial to the employee." *Secretary of Labor v. E.R. Field, Inc.*, 495 F.2d 749, 751 (1st Cir.1974) (driving truck carrying needed tools and supplies to job site was compensable work even though employee had no other means of getting there and would be forced to quit without the truck).

■ Moreover, the fact that the employee volunteers for the activity does not mean it is not compensable work under the Act. Rather, the question is whether the activity is performed with the knowledge and approval of the employer and for his benefit. *E.R. Field*, 495 F.2d at 751.

■ Thus, preliminary or postliminary activities are activities spent predominantly in the employees' own interests. *See Dunlop*, 527 F.2d at 398–400. Activities are classified as preliminary or postliminary only if they are "undertaken for [the employees'] own convenience, not being required by the employer and not being necessary for the performance of their duties for the employer." *Dunlop*, 527 F.2d at 398 (*quoting Mitchell v. Southeastern Carbon Paper Co.*, 228 F.2d 934 (5th Cir.1955)). *See also Leone v. Mobil Oil Corp.*, 523 F.2d 1153 (D.C.Cir.1975) (voluntarily accompanying OSHA inspectors on factory inspections primarily advanced employee interests and therefore was noncompensable); *Hodgson v. Katz & Besthoff*, 365 F.Supp. 1193 (W.D.La.1973) (cashiers not entitled to compensation for counting cash balance before beginning regular work shifts where such work was not required by employer but was for employees' convenience); *Cherup v. Pittsburgh Plate Glass Co.*, 350 F.Supp. 386 (N.D.W.Va.1972) (changing clothes before shift of no significant benefit to employer and hence time spent doing so need not be compensated under the FLSA), *aff'd without op.*, 480 F.2d 921 (4th Cir.), *cert. denied*, 414 U.S. 1068, 94 S.Ct. 578, 38 L.Ed.2d 474 (1973). Activities that primarily benefit the employer are not preliminary or postliminary, regardless of when or where those activities take place. *See e.g., Steiner*, 350 U.S. at 247, 76 S.Ct. at 331 (changing clothes and showering held to be an integral and indispensable part of principal work for battery factory workers who used toxic materials and were compelled by circumstances to change and shower in facilities that the employer was required to provide by state law); *Mitchell v. King Packing Co.*, 350 U.S. 260, 76 S.Ct. 337, 100 L.Ed. 282 (1956) (time spent by meat company butchers sharpening their knives held to be an integral and indispensable part of principal activities); *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 750 F.2d 47 (8th Cir.1984) (truck drivers' time spent on pre-shift safety inspections was part of principal activity), *cert. denied*, 471 U.S. 1054, 105 S.Ct. 2116, 85 L.Ed.2d 480 (1985). *See also Truslow*, 783 F.Supp. at 278 (principal activities need not take place during the regular business day); *Renfro v. City of Emporia*, 729 F.Supp. 747 (D.Kan.1990) (firefighter's mandatory on-call time compensable, even if spent at home), *recons. denied*, 732 F.Supp. 1116 (1990), *aff'd*, 948 F.2d 1529 (10th Cir.1991).

### b. *The Regulations*

The regulations amplify the understanding found in the caselaw. The DOL definition of a principal activity is found at 29 C.F.R. § 790.8. Under the regulations, the term "principal activity" is to be broadly construed and includes all activities of consequence which are performed for the employer, including those activities that are indispensable to the performance of productive work. 29 C.F.R. § 790.8(a). Thus, if the principal activity cannot be performed without the activity at issue, the activity at issue is not preliminary or postliminary, and thus not excluded by section 4 of the Portal to Portal Act. Further, an employee may engage in more than one "principal activity" during the work day and one activity need not predominate over all other activities to be considered a "principal activity." *See* 29 C.F.R. § 790.-8(a).

Section 790.7 defines preliminary and postliminary activities. *See* 29 C.F.R. § 790.7. The varieties of life in modern society make categorical classifications impossible, of course, but the overall meaning of section 790.7 is that activities primarily related to the employer's interest are not preliminary

or postliminary, regardless of where and when those activities take place. *See* 29 C.F.R. § 785.12 (regulations pertaining to work time apply "to work performed away from the premises or the job site, or even at home").

## 2. *The Present Case*

■ We hold that, in the circumstances presented to us today, time spent transporting police canines is more than merely "riding" to work, which is excluded by the Portal to Portal Act. 29 U.S.C. § 254(a)(1). Rather, it is an integral and indispensable part of the officers' principal duties as canine police officers and thus not excluded from coverage. Certainly, the officers need to get themselves to work everyday. However, when transporting the canines, they are performing an indispensable part of their principal activities that is required by their employer and which inures to the employer's benefit.

As in *Dunlop*, these activities are "within the range of principal activities covered by the act and [are] performed at the behest and for the benefit of the employer." *Dunlop*, 527 F.2d at 401. Certainly, if the City provided a central kennel for the dogs, the time spent picking up the dogs at that kennel and transporting them to work would be compensable even though it would be "riding" to work. The City may not escape liability by requiring the officers to board the dogs at home.[3]

Further, the activities at issue do not fit the DOL's definition of "preliminary" or "postliminary" activities excluded by section 254(a)(2). In section 790.7(b), the regulations define "preliminary activity" as "an activity engaged in before the commencement of [the] 'principal' activity or activities." 29 C.F.R. § 790.7(b). "Postliminary activity" is likewise defined as "an activity engaged in by an employee after the completion of his 'principal' activity or activities. *Id.*

In the present case, transporting the dogs takes place after the officers begin their principal duties and ends before they complete them. Each morning, the officers must feed the animals and prepare them for the day's work. That is clearly integral to their principal duties. *See Truslow v. Spotsylvania County Sheriff*, 783 F.Supp. 274, 279 (E.D.Va.1992), *aff'd*, 993 F.2d 1539 (4th Cir. 1993) (unpublished disposition, text in Westlaw). Only after that is completed do the officers transport the dogs to work. Hence, transporting the dogs to work is not preliminary. For the same reason, taking them home is not postliminary because the principal activities are still ongoing: the dogs must still be fed and exercised. Clearly, transporting the dogs takes place after principal activities began and ends before principal activities are completed.[4]

## 3. *The Summary Judgment Standard*

■ There is some confusion over the nature of the preliminary/postliminary activity versus principal activity question. Whether an activity is preliminary or postliminary to a principal activity is often described as a question of fact. *See e.g., Blum v. Great Lakes Carbon Corp.*, 418 F.2d 283, 286 (5th Cir.), *cert. denied*, 397 U.S. 1040, 90 S.Ct. 1361, 25 L.Ed.2d 651 (1969); *Mitchell v. Southeastern Carbon Paper Co.*, 228 F.2d 934, 938–39 (5th Cir.1955); *Carter v. Panama Canal Co.*, 314 F.Supp. 386, 391 (D.D.C. 1970), *aff'd*, 463 F.2d 1289 (D.C.Cir.1972), *cert. denied*, 409 U.S. 1012, 93 S.Ct. 441, 34 L.Ed.2d 306 (1972). It has also been characterized as a question of law. *Ballou v. General Elec. Co.*, 433 F.2d 109, 111 (1st Cir. 1970), *cert. denied*, 401 U.S. 1009, 91 S.Ct.

---

3. Other canine officers in the Chicago Police Department are allocated time during their regular shifts to transport their dogs. Though the City argues that those officers, who are uniformed and drive marked squad cars, are distinct from the Plaintiffs for those reasons, we do not find those distinctions meaningful. We note that courts have found it significant that the plaintiffs may have been compensated for these activities had the activities been performed during the employee's regular work shift. *See Dunlop*, 527 F.2d at 401.

4. We also note that the officer's homes are actually work sites because a part of their principal activity, grooming, feeding and caring for the animals, takes place there. In essence, taking the dog from home to work is traveling from one work site to another. Such travel is not excluded by the Portal to Portal Act. *See* 29 C.F.R. § 785.38.

1253, 28 L.Ed.2d 545 (1971). In dicta, the Supreme Court has described this issue as a mixed question of law and fact. *See Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 743, 101 S.Ct. 1437, 1446, 67 L.Ed.2d 641 (1981).

We feel that the question is best described as a mixed question of law and fact. The precise nature of the Plaintiff's duties is a question of fact while the application of the FLSA to those duties is clearly a question of law.

Treating this issue as a mixed question of law and fact, we do not hesitate to grant summary judgment. A mixed question does not normally lend itself to summary disposition because there are usually questions of historical fact, credibility or demeanor, which should be resolved by the jury. In the present case, however, the salient facts concerning the Plaintiffs' duties are undisputed. There are no disputes over historical facts, credibility or demeanor. All that remains is a question of the legal significance of the facts. In such a case, the law content of a mixed question predominates and the issue may be appropriate for summary judgment. *See, e.g.,* William W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 472–73 (1984) (where historical facts are undisputed and application of law is at issue, experience of jurors is not central to proper resolution) (citations omitted).[5]

## II. *The Statute of Limitations*

■ The City argues that should we find that transporting the dogs is compensable work, a portion of Plaintiffs Graham and Kinsella's claims are barred by the statute of limitations. The Portal to Portal Act altered the FLSA statute of limitations by stating that a suit is forever barred unless "commenced" within two years of the accrual of a cause of action. *See* 29 U.S.C. § 255. A suit is commenced when filed or, in the case of an unnamed plaintiff in a collective or class action, the suit is considered "commenced" upon the filing of a written consent with the court. *See* 29 U.S.C. § 256.

The present lawsuit was filed on May 21, 1993. Hence, all claims prior to May 21, 1991, would be barred by the statute of limitations found in section 255. However, the Plaintiffs argue that this issue is not so easily resolved: Graham and Kinsella's claims extend back as least as far as 1988. *See* Plaintiffs' Third Amended Complaint ¶¶ 8, 9.

Graham and Kinsella were both involved in the *Nichols* litigation and attempted to raise the travel time issue there. They argue that the statute should be tolled from the time they first brought the issue before Judge Alesia in the pretrial order on January 14, 1991, and again by motions *in limine* on February 13, 1991. For unknown reasons, Judge Alesia did not resolve the issue until April 29, 1992, when he ruled that the complaint could not be amended to encompass the travel time claims. The *Nichols* case was settled without deciding the travel time issue.

Graham and Kinsella argue the City is not prejudiced by tolling the statute because it had knowledge of the claims. Thus, the question before us is whether the Plaintiffs' belated attempts to raise the transport issue in the *Nichols* proceeding is sufficient to equitably toll the statute of limitations in the present case. We hold that they are not for two reasons.

■ First, the doctrine of equitable tolling is not directly applicable in the present case. The doctrine applies where a plaintiff, despite due diligence on his part, is unable to obtain vital information bearing on the existence of his claim. *See Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991). It does not apply where a plaintiff had the needed

---

5. Courts have traditionally stated that summary judgment should be granted if a directed verdict would be proper. 2 Charles Wright, Arthur Miller & Mary Kane, *Federal Practice and Procedure* § 2713.1 n. 11 (citations omitted). The rationale for this is that the standard for both motions is almost identical. *Id.* One court has also held that summary judgment should be granted if a judgment notwithstanding the verdict would be entered against the party opposing the motion. *Time, Inc., v. McLaney,* 406 F.2d 565 (5th Cir. 1969), *cert. denied,* 395 U.S. 922, 89 S.Ct. 1776, 23 L.Ed.2d 239 (1970).

information but failed to properly plead his case.

Second, the Seventh Circuit has been cautious in applying equitable tolling in employment cases:

> The statute of limitations is short in ... most employment cases because delay in the bringing of suit runs up the employer's potential liability; every day is one more day of backpay entitlements. We should not trivialize the statute of limitations by promiscuous application of tolling doctrines. When we are speaking ... of equitable tolling, we are ... dealing with two innocent parties and in these circumstances the negligence of the party invoking the doctrine can tip the balance against its application....

*Cada,* 920 F.2d at 453.

This matter is a simple one. Section 255 bars all claims not commenced within two years of the accrual of the cause of action. This action was commenced on May 21, 1992. Plaintiffs' belated attempts to raise these issues in other litigation is simply irrelevant. All claims prior to May 21, 1990, two years before the commencement of this action, are barred. 29 U.S.C. §§ 255, 256.

### Conclusion

The City's Motion for Summary Judgment is granted in part and denied in part. On the issue of liability, it is denied. To the extent it seeks to bar claims arising prior to May 21, 1991, however, it is granted. Plaintiff's Motion for Partial Summary Judgment on the issue of liability is granted.