Donald E. LEVERING, Jr.,
et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, Defendant.

Civ. A. No. 94–1272 (JHG).

United States District Court,
District of Columbia.

Nov. 29, 1994.

Kenneth Edward Labowitz, Young, Goldman & Van Beek, Alexandria, VA, for plaintiffs Donald E. Levering, Jr., Roberto Acevedo, Darryl Barney, Donald L. Beach, Eric A. Beale, William C. Bell, Michael C. Bernier, David G. Blue, Elysia E.R. Branson, Roy E. Brown, William H. Buss, Marcos Cabrales, Wai Ming Chung, Edward E. Curley, Daniel A. Dugan, Robert G. Fulton, Jose E. Garibay, Valori E. Gray, William C. Gregory, Barbara A. Hale, Sheryl R. Harley, James E. Hassen, Edward L. Hensel, III, Harry Thomas Hill, David Hobbs, Paul E. Hustler, Frederick H. Lewis, Wyllie Mitchell, Jr., Robert J. Morris, II, Samuel H. Newman, Jr., Joseph P. Roche, Russell L. Rummel,

James H. Shields, Grant R. Sullivan, Timothy Veney, David P. Willis, Sr.

Michael Francis Wasserman, Office of Corp. Counsel, D.C., Washington, DC, for defendant District of Columbia.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking overtime compensation for time spent caring for and transporting canine detachment dogs in plaintiffs' capacity as members of the canine detachment of the Metropolitan Police Department of the District of Columbia ("MPDC"). Presently pending are cross-motions for summary judgment. For the reasons set forth below, plaintiffs' motion is granted in part and denied in part, and defendant's motion is granted.

### I. *Background*

The 36 plaintiffs in this case were, at the time of the filing of the complaint, officers of the MPDC assigned to the canine detachment. In order to become part of the canine detachment, officers must have an approved facility to keep a dog and have use of a vehicle suitable for transporting a dog to and from the officer's work assignment. The officers are responsible for exercising, feeding, and otherwise caring for the dogs on a daily basis, regardless of whether the officer is assigned for duty on any given day. Each officer is also responsible for transporting the dogs in the officer's vehicle between the officer's residence and work assignment.

Pursuant to a 1989 directive from then-Chief of Police Isaac Fulwood, Jr., officers in the MPDC canine detachment receive 15 minutes per day in overtime compensation for caring for their dogs.[1] However, plaintiffs allege that they spend considerably longer than 15 minutes caring for their dogs each day. In addition, the plaintiffs seek compensation for time spent transporting the dogs between work and home. The officers

---

1. The officers received 30 minutes per day in overtime compensation for the two-year period preceding Chief Fulwood's directive.

are not currently compensated for this activity.

## II. *Analysis*

Summary judgment is appropriate when there is "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513. At the same time, however, Rule 56 places a burden on the nonmoving party to "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Plaintiffs seek summary judgment as to liability, statute of limitations, and measure of damages. Defendant, in turn, has moved for partial summary judgment as to defendant's liability for time spent transporting the dogs. The Court's analysis of each of these issues is set forth separately below.

### A. *Liability for Canine Care*

■ The Fair Labor Standards Act requires employers to compensate employees for "activities performed either before or after the regular work shift ... if those activities are an *integral and indispensable part* of the principal activities for which covered [workers] are employed." *Steiner v. Mitchell*, 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267

(1956) (emphasis added). Overtime must be paid "at a rate not less than one and one-half times the regular rate at which [a worker] is employed" for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). Law enforcement personnel are subject to somewhat different standards than other employees with respect to how overtime is calculated. 29 U.S.C. § 207(k).

■ Plaintiffs urge the Court to find as a matter of law that the District of Columbia ("District") is required under the Fair Labor Standards Act to compensate plaintiffs for the actual time spent caring for the canine detachment dogs. Plaintiffs allege that time spent feeding, exercising, and otherwise caring for the dogs exceeds the 15 minutes per day for which plaintiffs currently are compensated. Accordingly, plaintiffs seek back wages for the time spent caring for their animals in excess of 15 minutes per day.

The District counterargues that plaintiffs have not met their burden of proving that the actual time spent caring for the dogs exceeds 15 minutes per day.[2] The District further argues that the plaintiffs have offered no evidence to show that the District has "required, suffered, or permitted its dog handlers to spend more than fifteen minutes a day caring for their dogs at home". Def. Opp. at 2.

The Court is persuaded, despite the sparse record presently before the Court, that plaintiffs are entitled to compensation under the Fair Labor Standards Act for the actual time spent exercising, feeding, and otherwise caring for the canine detachment dogs. The evidence offered by plaintiffs demonstrates that care of these animals is plainly a part of the officers' duties. *See* Affidavit of Donald E. Levering ("Levering") at ¶¶ 2–3; Memorandum to Chief of Police dated November 8, 1989 ("officers who are assigned canine duty ... have the added responsibility of caring for their dogs while in an off-duty capacity"). While the officers might at times be able to

---

2. Specifically, the District alleges that plaintiffs have not "produce[d] any evidence that they themselves have spent more time caring for their dogs during nonduty hours than those for which they have been compensated." Def.Opp. at 2. This statement is not accurate. While plaintiffs

have not produced much in the way of evidence, plaintiffs did, among other evidence, provide the affidavit of Donald Levering, in which he stated that he spent a minimum of 30 minutes per day caring for his dog. Levering Aff. at ¶ 4.

groom, exercise, and provide some care for the dogs while on regular work time, some of their duties clearly spill over into non-work hours. Moreover, on holidays and other days on which the officers are not assigned to work, all canine care necessarily takes place outside of regular working hours. Thus, the Court finds that feeding, exercising, and caring for the dogs by officers assigned to the canine detachment constitutes an "integral and indispensable part" of the officers' work activities, and, as such, time spent on those activities is compensable under the Fair Labor Standards Act. The Court notes that at least one other court considering this issue has found that time spent caring for police dogs is compensable under the FLSA. *See Truslow v. Spotsylvania County Sheriff,* 783 F.Supp. 274, 279 (E.D.Va.1992) ("As an integral and indispensable part of the principal activities of a canine deputy, off-duty time spent caring for canine unit dogs must be compensated as hours worked in accordance with the [FLSA]").

Liability for time spent caring for the canine detachment dogs having been established, the question then becomes the amount of time per day for which plaintiffs are to be compensated. Plaintiffs have brought to the Court's attention the practices of police departments in other jurisdictions, which compensate canine handlers up to 90 minutes per day for canine care. Pl.Mem. at 8. Howev-

er, the Court must make its determination with respect to the instant plaintiffs based on the evidence available in the record in *this* case. That evidence is sparse, and consists of a single affidavit from plaintiff Donald Levering. Levering estimates that he spends a minimum of 30 minutes each day caring for his dog. Levering Aff. at ¶ 4. Levering also states in his affidavit that "some officers spend at least 45 minutes per day and perhaps longer", based on his observations and conversations with other officers. *Id.*

Plaintiffs have urged the Court to find the appropriate rate of compensation to be at least 45 minutes per day, Pl.Mot. at 3. However, the only evidence presented as to the *specific* amount of time spent on canine care by a plaintiff in this case is contained in the Levering Affidavit, in which Levering states that he spends at least 30 minutes each day on canine care. This evidence is undisputed by defendant. Accordingly, the Court finds that plaintiffs are entitled to 30 minutes compensation per day for the care, feeding, and grooming of the canine detachment dogs.[3]

## B. *Liability for Canine Transportation*

Plaintiffs also seek compensation for time spent transporting the canine detachment dogs in the officers' vehicles from their residences to work. Plaintiffs point to a number of decisions in which other federal courts

---

3. The Court is compelled to note that both parties have made arguments unsupported by evidence. Plaintiffs seek 45 minutes of overtime compensation per day for canine care, despite the fact that the only time 45 minutes is mentioned in the record is the Levering affidavit, in which Levering states that some officers spend 45 minutes or more based on his "observations" and "conversations" with other officers. Levering Aff. at ¶ 4. The Court cannot award 45 minutes per day of compensation to plaintiffs based on Levering's "observations" and "conversations" with other unnamed officers, particularly since Levering himself states that he spends 30 minutes each day with his dog.

Similarly, the District has urged the Court to find summary judgment against plaintiffs, arguing that plaintiffs have failed to meet their burden of proof regarding time spent on canine care. However, the District has not offered evidence to contradict the Levering affidavit, and the District has come forward with absolutely *no* evidence in support of its position. The District's

position ignores the clear command of Fed. R.Civ.P. 56, which states that "an adverse party may *not* rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added). The District has failed to fulfill its responsibility under Rule 56.

As a result, the Court is left to determine the scope of liability based on a single affidavit. While additional affidavits would have been helpful in establishing the precise level of compensation due in this case, the absence of additional affidavits does not change the bottom line, namely, that the District is responsible for at least 30 minutes of daily compensation for the care, grooming, and feeding of the canine detachment dogs.

have found canine transportation time to be compensable. *See Graham v. City of Chicago,* 828 F.Supp. 576 (N.D.Ill.1993); *Reich v. New York City Transit Authority,* 839 F.Supp. 171 (E.D.N.Y.1993). *But see Truslow v. Spotsylvania County Sheriff,* 783 F.Supp. 274, 277 n. 5 (E.D.Va.1992) (holding as a matter of law that defendants were not required to compensate plaintiff for time spent commuting to or from work.)

■ Defendant counters in its cross-motion that compensation for travel time is barred by section 4 of the Portal to Portal Act. That Act exempts employers from having to compensate employees for time spent "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform." 29 U.S.C. § 254(a)(1).

The question of compensation for time spent transporting the dogs requires consideration of both the FLSA and the Portal to Portal Act. As discussed in Part A, *supra,* the FLSA requires compensation for time spent on activities that are an "integral and indispensable" part of the principal activities for which workers are employed. The Department of Labor's regulations on the FLSA and Portal to Portal Act state that:

> An employer's liabilities and obligations under the Fair Labor Standards Act with respect to the "principal" activities his employees are employed to perform are not changed in any way by section 4 of the Portal Act, and time devoted to such activities must be taken into account in computing hours worked to the same extent as it would if the Portal Act had not been enacted.

29 CFR § 790.8 (1993). Thus, if transporting the dogs is integral to a principal activity performed by the officers, the time is compensable despite the Portal to Portal Act. On the other hand, if transporting the dogs is not integral to a principal activity, then compensation is barred by the Portal to Portal Act.

In finding canine transportation time compensable as integral to a principal activity, the United States District Court for the Eastern District of New York in *Reich* (here-

after "*Reich* court") based its ruling on three factors: 1) that transporting the dogs to work in the officers' own vehicles was *required* by the employer; 2) that transporting the dogs was *necessary* to facilitate the bonding relationship between dog and owner that is essential to a successful working relationship; and 3) that transporting the dogs "*directly benefits the defendant employer*" because it facilitates the working relationship between dog and owner and spares the city the expense of a centralized kennel. *Reich,* 839 F.Supp. at 182. Plaintiffs argue that the same circumstances exist with respect to the canine detachment dogs here.

It appears that, in certain circumstances, time spent transporting canine detachment dogs to and from work may be compensable under the FLSA because the activities may be an "integral and indispensable" part of the officers' duties. The Court is thus unpersuaded by defendant's argument that the Portal to Portal Act strictly bars compensation for such activities.

■ On the other hand, based on the present record, the Court is unable to find as a matter of law that the plaintiffs in the instant case are entitled to compensation for time spent transporting their dogs. Plaintiffs have not adequately demonstrated that the transportation is "integral" to the principal activities for which they are employed.

This Court is not persuaded that the factors identified by the *Reich* court are dispositive of the question of compensability. For example, the *Reich* court found significant the fact that transporting the dogs was required by the employer. Similarly, here transportation of the dogs is required by the MPDC. However, the same can be said for an officer's weapon, another essential piece of an officer's equipment. Officers are required to transport their weapons to and from work, but they are not entitled to compensation for travel time by virtue of that requirement. Furthermore, the fact remains that officers must commute to work whether or not they are carrying a canine detachment dog in the car with them. Thus, the simple fact that transportation of the canines is

required by the employer does not entitle the officers to compensation for travel time.

The *Reich* court also found persuasive that the bonding relationship between dog and owner is facilitated through the owner transporting the dog to and from work. This Court views this "bonding" argument somewhat dubiously. While there might be an occasional opportunity for a driver to pat the dog on the head or give a scratch behind the ears, the majority of a driver's attention is certainly focused on the road, traffic signals, other vehicles, and many matters *other* than bonding with one's canine companion that demand a driver's attention.

Finally, the *Reich* court rested its decision on its finding that transporting the dogs directly benefitted the employer. While it is true that the MPDC is benefitted by the officers' transporting the dogs to and from work, this fact alone cannot be dispositive. The MPDC is certainly benefitted by the fact that the officers house the dogs at their homes, but the officers are not entitled to round-the-clock compensation by virtue of housing the dogs. Thus, the mere fact that the District is benefitted by the officers' transportation of the canines cannot, standing alone, support a claim for compensation for travel time.

In this Court's view, the issue of whether the travel time is compensable as "integral" to a principal activity turns largely on whether plaintiffs are required to provide a significant amount of care to the dogs while travelling. If plaintiffs frequently are required to interrupt their commute in order to care for the dogs on their way to and from work, that fact would bolster plaintiffs' claim for compensation. Similarly, if plaintiffs could show, as in the *Graham* case, that plaintiffs were required to drive directly to and from work without making personal stops, such a fact would strengthen their claim for compensation.[4] However, if plaintiffs are simply commuting to work as they otherwise would, but with the addition of an extra passenger in the

form of a canine detachment dog, such travel time does not constitute compensable work time under the FLSA.

Plaintiffs have offered much in the way of argument to support their claim for compensation for transportation time; however, they have offered little in the way of evidence. It is clear that the officers are required to have a vehicle appropriate for transporting a dog, and that officers are required to transport the dogs between work and home. Pl.Mot., Exh. A. The only other evidence on this issue consists of a single paragraph in the Levering Affidavit, which states, in full:

> I utilize my personal vehicle to transport my dog between my personal residence and my duty assignment in the District of Columbia. I have observed my dog and the dogs of other canine officers at times bark, move about within the vehicle at unexpected times, and require attention when they become ill or unruly or need to be walked. While transporting my dog, I am generally unable to stop for personal business between my home and duty stations while the dog is riding in my vehicle, as I would be able to do otherwise. The presence of my dog in my personal vehicle has caused damage to my vehicle. On my own time, I have cleaned and repaired my vehicle after my dog has caused damage to it while I have been transporting the dog.

Levering Affidavit, ¶ 5.

The only mention of *additional* work performed by the officers on top of their ordinary commute consists of Levering's statement that the dogs "require attention when they become ill or unruly or need to be walked", although the affidavit does not state how frequently such care is required. The affidavit also states that Levering is "generally" unable to stop for personal business when the dog is in the car, but again, no details are provided as to the extent to which this restriction occurs or hampers plaintiff's ordinary routine. Finally, the affidavit speaks of damage to the car by the dog and

---

4. The Levering Affidavit states that plaintiffs are "generally unable" to stop for errands when their dogs are in their vehicles. Such a statement falls short of the situation cited in the *Graham* case, where it appeared that officers were not allowed to make personal stops when the canine detachment dogs were in their vehicles. *See Graham v. City of Chicago*, 828 F.Supp. 576, 578 (N.D.Ill.1993).

time spent cleaning and repairing the vehicle. While cleaning time and damage to the vehicle might support a request for a cleaning allowance, it is not clear how that damage and cleaning time justifies compensation for the *time* spent in travel. Thus, the present record is far too short on specifics to enable the Court to grant summary judgment to the plaintiffs on this point.[5] Accordingly, plaintiffs' motion for summary judgment with respect to liability for time spent transporting the canine detachment dogs is denied. Defendant's motion for summary judgment is granted, albeit for reasons different than those expressed in defendant's motion.

## C. *Statute of Limitations*

■ Plaintiffs also seek a determination by the Court as to the applicable statute of limitations, which affects the period of time for which plaintiffs may recover back wages for time spent caring for their canine detachment dogs. Plaintiffs urge the Court to find that defendant's failure to compensate plaintiffs for the actual time spent caring for the dogs constitutes a willful · violation of the FLSA. Such a ruling would entitle plaintiffs to a three-year statute of limitations, whereas if willfulness is not found, plaintiffs are limited to a two-year statute of limitations. 29 U.S.C. § 255. Not surprisingly, the District has urged the Court to find that there was no willful violation on the part of the District.

Plaintiffs base their claim of willfulness on the fact that the 1989 directive included two years of retroactive compensation for 30 minutes per day of canine care, but prospective compensation was limited to 15 minutes per day of care. In plaintiffs' view, this amounts to an express recognition on the part of the District that the actual time spent caring for the dogs was at least 30 minutes per day. Defendant counters by arguing that the 30 minutes per day of back pay was analogous to "liquidated damages", which are common under the FLSA. However, the Court is unable to credit this argument given the

absence of evidentiary support for defendant's claims.

The mere fact that the District provided two years' retroactive compensation at a greater daily time allowance than presently received by the plaintiffs, standing alone, does not constitute clear evidence of a willful violation of the Fair Labor Standards Act. The District might have had a number of alternative reasons for providing that level of compensation. For example, the District might have elected to provide 30 minutes per day of retroactive compensation for a shorter period of time, as opposed to 15 minutes of compensation for a greater period of time, for recordkeeping purposes or, as defendant suggests, to give the officers something akin to liquidated damages, or as a resolution of this matter at that time.

Furthermore, as plaintiffs point out in their motion, the District never conducted a study of the actual time spent caring for the canines. *See* Pl. Motion at 17 fn. 2. Plaintiffs have not pointed to any specific evidence showing that the District was notified or made aware of the fact that canine care required more than 15 minutes per day. Were the District not on notice that the actual time needed to care for the dogs exceeded 15 minutes per day, it is difficult to see how the District can be found guilty of a *willful* violation of the FLSA. There being no actual evidence of willfulness on the part of defendant, plaintiffs' request for a three-year back pay allowance will not be granted, and plaintiffs will be limited to the standard two-year statute of limitations for their back pay claims.

## D. *Measure of Damages*

■ Plaintiffs seek liquidated damages pursuant to 29 U.S.C. § 216(b), which provides that any employer who violates the FLSA shall be liable for "unpaid overtime compensation ... and in an additional equal amount as liquidated damages." Liquidated damages are standard in FLSA cases. *See Kinney v. District of Columbia,* 994 F.2d 6, 12 (D.C.Cir.1993). However, "if [an] employ-

---

**5.** At least one other court considering this issue had the benefit of testimony from numerous officers in making its determination that transporta-

tion time was compensable. *See Reich,* 839 F.Supp. 171. Here, plaintiffs seek summary judgment on the existing record.

er shows to the satisfaction of the court that the act or omission giving rise to [the violation] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages." 29 U.S.C. § 260. Thus, the burden is on the District to show that it acted in good faith if the District wishes to avoid an award of liquidated damages.

The District has produced absolutely no evidence and offered no argument on the issue of good faith. Accordingly, defendant has not met its burden under the FLSA, and plaintiffs' claim for liquidated damages shall be allowed.

### III. *Conclusion*

For the reasons expressed herein, plaintiffs' motion for summary judgment is granted as to liability for time spent on canine care. Plaintiffs are entitled to 30 minutes per day in compensation for canine care, with a two-year statute of limitations for their claims. Plaintiffs are entitled to liquidated damages for these claims. The Court leaves the question of actual damages to the parties for resolution, based on the wage level and work history of each individual plaintiff. Should the parties be unable to reach agreement on damages, plaintiffs shall file their statement of damages on or before December 12, 1994; defendant shall file its response on or before December 19, 1994; plaintiffs shall file their reply, if any, on or before December 28, 1994.

Defendant's motion for summary judgment as to liability for time spent transporting the canine detachment dogs is granted.

Plaintiffs are entitled to "a reasonable attorney's fee to be paid by the defendant, and costs". 29 U.S.C. § 216(b). Plaintiffs shall submit their motion for attorney's fees and costs, together with a detailed explanation of the basis for such request for fees and costs, on or before December 28, 1994; defendant's response shall be filed on or before January 9, 1995; plaintiffs' reply, if any, shall be filed on or before January 17, 1995.

Finally, plaintiffs have asked the Court to add an additional plaintiff. Plain-

tiffs' request was filed exceedingly late in the case, *following* oral argument on cross motions for summary judgment and while this opinion was being drafted. It would be patently unfair to defendant to add an additional plaintiff and additional liability at this late stage in the proceedings. Accordingly, Plaintiffs' Application to Add Additional Consenter Pursuant to 29 U.S.C. § 216(c) is denied.

IT IS SO ORDERED.