**George Eugene TRUSLOW, Plaintiff,**

v.

**SPOTSYLVANIA COUNTY SHERIFF and Stafford County Sheriff, Defendants.**

**Civ. No. 91–1083–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Feb. 18, 1992.

Michael E. Levy, Garrisonville, Va., for plaintiff.

John Adrian Gibney Jr., Shuford, Rubin, Gibney, & Dunn, Richmond, Va., for defendants.

## MEMORANDUM OPINION

ELLIS, District Judge.

This case, before the Court on defendants' motion for summary judgment, presents the question whether a deputy sheriff assigned to a canine unit is entitled to compensation for off-duty care of his police dog and related activities under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, including the Portal-to-Portal Act of 1947, 29 U.S.C. § 254.

The uncontested facts disclose that George Eugene Truslow was employed by the Stafford County Sheriff as a deputy sheriff in a canine unit from approximately August 8, 1988, to January 22, 1989, and thereafter in a similar capacity by the Spotsylvania County Sheriff from approximately March 26, 1989, to February 8, 1990. Truslow volunteered for assignment to the canine units. In each instance, the County owned the canine unit dogs. The Spotsylvania County Sheriff's Standard Operating Procedures of the Canine Unit required that deputies assigned to the unit be responsible for the health, care, cleanliness, and well-being of the unit's dogs and that they attend monthly retraining sessions. Uncontroverted deposition testimony of the Stafford County Sheriff reveals that he would have terminated Truslow as a canine unit deputy if Truslow had not attended to his dog's cleanliness, readiness to work, feeding, grooming, working, training, and exercising.

Thus, as part of his required duties as a canine deputy for both the Stafford and Spotsylvania County Sheriffs, Truslow fed, groomed, exercised, and otherwise cared for his dogs.[1] This work included frequent cleaning of the dogs' kennels and the back of Truslow's patrol cars, which accumulated dog hair and odors. Often the work had to be accomplished during off-duty hours. For example, Truslow's supervisors at both the Stafford and Spotsylvania Sheriff's Departments required that he groom his dogs before his scheduled work shift began. Truslow performed most of the dog care activity at his home, where the dogs resided when not required to work.[2] Truslow was not compensated for off-duty time spent caring for the dogs, nor was he compensated for off-duty time expended for (i) unscheduled emergency canine calls (which sometimes lasted several hours), (ii) veterinary appointments, (iii) dog training programs, and (iv) canine demonstrations.

Truslow filed suit against defendants[3] seeking (i) compensation under the FLSA for unpaid overtime work performed in connection with the care of the police dogs, (ii) statutory liquidated damages, pursuant to

---

1. Defendants reimbursed Truslow for all out-of-pocket expenses related to his care of the dogs.

2. The record reveals that the Stafford County Sheriff did not require Truslow to keep his dog at his home, but preferred for him to do so. The Spotsylvania County Sheriff, on the other hand, did require that canine unit dogs reside at the homes of their assigned deputies. The evidence suggests that close and constant contact between a dog and deputy enhances a unit's effectiveness.

3. As originally filed, Truslow's complaint named "The Spotsylvania County Sheriff's Department" and "The Stafford County Sheriff's Department" as defendants. Defendants moved to dismiss the complaint for failure to name the proper parties. By Order dated October 18, 1991, Judge Bryan granted plaintiff's motion to amend his complaint and ordered that the word "Department" be deleted from each defendant's name. Judge Bryan, noting that the sheriffs themselves or their designated deputies had been properly served with a copy of the complaint, ruled that further service was not required. Accordingly, Judge Bryan denied defendants' motion to dismiss. The matter thereafter came before this Court on defendants' motion for summary judgment, in which motion defendants again raised the issue of the proper identity of the defendants. This Court, by Order dated December 20, 1991, denied defendants' summary judgment motion without prejudice and with leave to refile their motion no later than January 3, 1992. Defendants filed a renewed motion for summary judgment on January 3rd. In their renewed motion, defendants did not explicitly reassert the issue of the naming of the defendants. To the extent, if any, that this issue remains before the Court, the Court finds Judge Bryan's ruling dispositive on this point and accordingly holds that defendants' motion for summary judgment must be denied to the extent it rests on the argument that defendants are improperly named in the amended complaint or were improperly served.

29 U.S.C. §§ 216(b) and 260,[4] and (iii) attorneys' fees, pursuant to 29 U.S.C. § 216(b). Defendants jointly moved for summary judgment. The issues having been fully briefed and argued, the motion is now ripe for disposition.

Summary judgment is appropriate only where there is no genuine issue of material fact. *See* Rule 56, Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). For purposes of summary judgment, facts, and the reasonable inferences therefrom, must be viewed in the light most favorable to the non-moving party. *See Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir.1990). On the issue of whether off-duty time spent caring for a canine unit dog is compensable under the FLSA, the Court finds that, viewed in the light most favorable to Truslow, no issues of material fact remain and that the question can therefore be decided as a matter of law. For the reasons that follow, the Court holds that off-duty time expended in the care, training, and required demonstration of a canine unit dog constitutes compensable hours worked under the FLSA. 29 U.S.C. § 201 *et seq.*

■ The FLSA requires employers to compensate employees for all hours worked. 29 U.S.C. § 201 *et seq.* Defendants urge that Truslow's dog care time at home and after hours did not constitute hours worked for purposes of the FLSA. The essential question therefore is what counts as hours worked under the FLSA.

The Portal–to–Portal Act of 1947 to the FLSA provides, in pertinent part, that an employer need not compensate her employees for activities that are "preliminary to or postliminary to" the "principal activity or activities" which an employee is engaged to perform, unless the employer is otherwise required to compensate her employees for such work by custom, contract, or practice.[5] *See* 29 U.S.C. § 254(a)(2) and (b). Thus, the determination whether an activity involves compensable hours worked pursuant to the Portal-to-Portal Act of 1947 depends upon whether the activity is a principal activity or a preliminary or postliminary activity. The term "principal activity or activities" includes all activities that are "integral and indispensable" to the principal activity. *See Steiner v. Mitchell*, 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267 (1956). The test for principal activities and integral and indispensable parts of such activities is "whether [the activities] are performed as part of the regular work of the employees in the ordinary course of business." *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 401 (5th Cir.1976). An employee may engage in more than one "principal activity" during the work day. Moreover, an "activity" need not predominate over all other activities to be considered a "principal activity." *See* 29 C.F.R. § 790.8(a); *Dunlop*, 527 F.2d at 400. Nor must it occur during normal work hours to be a "principal activity." The decided cases make clear that an integral and indispensable activity may well take place before or after an employee's regular work hours. *See Steiner v. Mitchell*, 350 U.S. at 247, 76 S.Ct. at 330 (changing clothes and showering held to be an integral and indispensable part of the principal work for battery factory workers who used toxic materials and were compelled by circumstances to change and shower in facilities that the employer was required to provide by state law); *Mitchell v. King Packing Co.*, 350 U.S. 260, 76 S.Ct. 337, 100 L.Ed. 282 (1956) (time spent by meat com-

---

**4.** The FLSA provides for recovery of unpaid minimum wages or overtime compensation, as well as an "additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Consequently, employers who violate the statute may be subject to awards of double damages.

**5.** The record discloses no custom, contract, or practice requiring defendants to compensate Truslow for his home and after hours dog care services. The Portal-to-Portal Act of 1947 also exempts employers from liability for time employees spend "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform." 29 U.S.C. § 254(a)(1). Accordingly, the Court holds as a matter of law that defendants were not required to compensate Truslow for the time he and the dogs spent commuting to or from work, training sessions, and canine demonstrations.

pany butchers sharpening their knives held to be an integral and indispensable part of principal activities); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 750 F.2d 47 (8th Cir.1984) (truck drivers' time spent on pre-shift safety inspections was an integral and indispensable part of the principal work activity), *cert. denied*, 471 U.S. 1054, 105 S.Ct. 2116, 85 L.Ed.2d 480 (1985).

In contrast to integral and indispensable activities, preliminary or postliminary activities are activities spent predominantly in the employees' own interests. *See Dunlop*, 527 F.2d at 398–400. Activities are classified as preliminary or postliminary only if they are "undertaken for [the employees'] own convenience, not being required by the employer and not being necessary for the performance of their duties for the employer." *Dunlop*, 527 F.2d at 398 (quoting *Mitchell v. Southeastern Carbon Paper Co.*, 228 F.2d 934 (5th Cir. 1955)). *See also Leone v. Mobil Oil Corp.*, 523 F.2d 1153 (D.C.Cir.1975) (time spent voluntarily accompanying OSHA inspectors on factory walk-throughs primarily advanced employee, not employer, interests and therefore was not required to be compensated under the FLSA); *Hodgson v. Katz & Besthoff*, 365 F.Supp. 1193 (W.D.La.1973) (drug store cashiers were not entitled to compensation for time spent counting cash balance before beginning regular work shifts where such work was irregular and haphazard, not required by employer, and primarily for employees' convenience in later balancing their accounts); *Cherup v. Pittsburgh Plate Glass Co.*, 350 F.Supp. 386 (N.D.W.Va.1972) (changing clothes before shift of no significant benefit to employer and hence time spent doing so need not be compensated under the FLSA), *aff'd*, 480 F.2d 921 (4th Cir.), *cert. denied*, 414 U.S. 1068, 94 S.Ct. 578, 38 L.Ed.2d 474 (1973).

█ The amount of time an activity consumes is not determinative of whether it is a principal activity or merely a preliminary or postliminary one, *see Steiner*, 350 U.S. at 247, 76 S.Ct. at 330 (compensation required for short time needed to change clothes and shower because of special work conditions in battery factory), although time may be a pertinent factor to consider. *See Cherup*, 350 F.Supp. at 386 (compensation not required for three to four minutes spent changing clothes before shift). Nor is the fact that the work in question is performed at an employee's home dispositive. *See* 29 C.F.R. § 785.12 (regulations pertaining to work time apply "to work performed away from the premises or the job site, or even at home"); *Renfro v. City of Emporia*, 729 F.Supp. 747 (D.Kan.1990) (firefighter's mandatory on-call time compensable, even if spent at home), *reconsideration denied*, 732 F.Supp. 1116 (1990), *aff'd*, 948 F.2d 1529 (10th Cir.1991).

█ Moreover, contrary to defendants' argument, the fact that an employee may volunteer for a particular assignment is, without more, irrelevant. The FLSA defines "employ" as "to suffer or permit to work." 29 U.S.C. § 203(g); 29 C.F.R. § 785.11. Thus, "[t]he crucial question is not whether the work was voluntary, but rather whether the [p]laintiff was in fact performing services for the benefit of the employer with the knowledge and approval of the employer." *Steiner*, 350 U.S. at 251, 76 S.Ct. at 333. *See also* 29 C.F.R. § 785.11 ("Work not requested but suffered or permitted is work time."); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir.1981) ("An employer who knows or should have known that an employee is or was working overtime is obligated to pay overtime. An employer who is armed with this knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation."); *Mumbower v. Callicott*, 526 F.2d 1183 (8th Cir.1975) (switchboard operator who, with her employer's knowledge and tacit consent, regularly performed morning duties before opening the switchboard was entitled to compensation for those duties under the FLSA). The employer bears the burden of preventing overtime work when such work is not desired. *See* 29 C.F.R. § 785.13 ("In all cases it is the duty of the management to exercise its control and see that the work is not performed if it does

not want it to be performed. It cannot sit back and accept the benefits without compensating for them.").

■ These principles, applied to the case at bar, point persuasively to the conclusion that various of Truslow's home dog care activities are compensable under the FLSA. Specifically, Truslow's care of the canine unit dogs, including his attendance at dog training sessions, unscheduled emergency canine calls, and canine demonstrations (to the extent Truslow was required to attend these demonstrations), was plainly an integral and indispensable part of his principal activities as a deputy sheriff in the canine units. These dog-related duties were performed primarily for the benefit of defendants, who would otherwise have had to make alternate arrangements for the dogs' boarding and care. That Truslow may have received some incidental benefit from the companionship of the dogs as "pets" is insufficient, on the facts of this case, to render the activities exempt as preliminary or postliminary activities under the Portal-to-Portal Act of 1947. As an integral and indispensable part of the principal activities of a canine deputy, off-duty time spent caring for canine unit dogs must be compensated as hours worked in accordance with the rules established by the FLSA. Accordingly, summary judgment on the issue of liability, with the exception noted above, *supra* note 5, must be granted in favor of plaintiff.

■ Remedies stand on a different footing; genuine disputes of material fact exist with respect to a number of remaining damages and remedies issues. The following issues must therefore proceed to trial:

(1) *Whether Truslow's cause of action arises out of a willful violation of the FLSA so as to entitle Truslow to a three year, rather than a two year, statute of limitations.*

■ Under 29 U.S.C. § 255, an employee is entitled to a three year statute of limitations if his cause of action arises out of his employer's willful violation of the FLSA. In this regard, plaintiff bears the burden of establishing that his former employers "either knew or showed reckless disregard for the matter whether [their] conduct was prohibited by the statute." *See McLauglin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677,. 1681, 100 L.Ed.2d 115 (1988). A cause of action for overtime wages accrues at each regular payday immediately following the work period during which services were rendered and for which overtime compensation is claimed. *See Mitchell v. Lancaster Milk Co.*, 185 F.Supp. 66 (M.D.Pa.1960).

(2) *To the extent not barred by a statute of limitations, Truslow must prove the amount of time he actually spent on dog-related activities, including required training sessions and canine demonstrations, about which his employers knew or should have known.*

■ Simply put, Truslow is required to prove defendants' actual or constructive knowledge of his off-duty dog care activities. *See Davis v. Food Lion*, 792 F.2d 1274 (4th Cir.1986); *Forrester*, 646 F.2d at 414; *Mumbower*, 526 F.2d at 1183; 29 C.F.R. § 785.11.

(3) *Whether Truslow is entitled to liquidated damages pursuant to 29 U.S.C. §§ 216(b) and 260.*

■ In addition to unpaid minimum wage or overtime compensation, the FLSA entitles a plaintiff to liquidated damages in the full amount of unpaid wages unless the defendant satisfies the court (i) that the defendant acted in good faith and (ii) that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA. 29 U.S.C. §§ 216 and 260. *See also Mireles v. Frio Foods, Inc.*, 899 F.2d 1407 (5th Cir.1990). The burden of proof in this regard is on defendants. *See Burnley v. Short*, 730 F.2d 136 (4th Cir. 1984). And in any event, a court may, in its sound discretion, award liquidated damages even where a defendant demonstrates good faith and reasonable grounds. *See* 29 U.S.C. § 260; *Hayes v. McIntosh*, 604 F.Supp. 10 (N.D.Ind.1984).