Mark R. TREECE, Robert Wortham, David Goodson, Jerry W. Best, Tom Frederick, Donald C. McElhaney, and Others Similarly Situated, Plaintiffs,

v.

The CITY OF LITTLE ROCK, ARKANSAS, Defendant.

No. LR–C–94–562.

United States District Court, E.D. Arkansas, Western Division.

March 11, 1996.

Judson C. Kidd, Little Rock, AR, Jeffrey Chamberlain and Ralph Ambrosio, for Plaintiffs.

Patricia J. Hays, Little Rock, AR, for Defendant.

### MEMORANDUM OPINION AND ORDER

MOODY, District Judge.

Plaintiffs, all present or former canine police officers with the City of Little Rock Police Department ("LRPD"), bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, alleging that defendant City of Little Rock ("City") has failed to comply with FLSA requirements concerning overtime compensation for various "off-the-clock" activities allegedly performed by plaintiffs. Plaintiffs, in their amended complaint, further allege that defendant retaliated against them for filing the present lawsuit, in violation of 29 U.S.C. § 215(a)(3), by ordering an Internal Affairs Division (IAD) investigation of possible off-duty violations by plaintiffs.

Several motions are now pending before the Court: (1) plaintiffs' motion for partial summary judgment with regard to whether certain types of activities, when and if performed during off-the-clock time, are compensable under the FLSA (doc. # 41); (2) defendant's cross motion for summary judgment (doc. # 45); (3) defendant's motion for summary judgment with regard to the allegations of retaliation in the amended complaint (doc. # 67); and (4) plaintiffs' motion for supplemental discovery.

*PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT*

In responding to plaintiffs' motion for partial summary judgment, defendant concedes that plaintiffs are entitled to partial summary judgment on the issue of whether the following activities, when and if performed during off-the-clock time, are compensable under the FLSA: (1) feeding and watering assigned police dog(s); (2) exercising assigned police dog(s); (3) grooming (e.g., brushing) assigned police dog(s); (4) cleaning (e.g. bathing) assigned police dog(s); (5) cleaning the living areas (e.g. kennels) of the assigned police dog(s); (6) training assigned police dog(s); and (7) arranging for and transporting assigned police dog(s) for veterinary care and providing home medical care.

■ Accordingly, plaintiffs' motion for partial summary judgment (doc. # 41) is granted with regard to the compensability of the above-listed activities. The Court finds that said activities are compensable under the FLSA, when and if performed during off-the-clock time. Whether each of the plaintiffs actually spent time performing said activities while off-the-clock, and the amount of time spent on such activities, is a factual question for resolution at trial.

Defendant opposes plaintiffs' motion for partial summary judgment with regard to the compensability of any off-the-clock time spent by plaintiffs cleaning, fueling, and maintaining their take-home police vehicles and cleaning and caring for other police equipment such as guns and uniforms.

Cleaning, Fueling, and Maintenance of Cars

■ Defendant first contends that any cleaning, fueling or maintenance that plaintiffs might actually perform on their cars is *de minimis,* such that the activities would not be compensable under the FLSA. The *de minimis* doctrine holds that, when THE AMOUNT of theoretically compensable work is so negligible as to be *de minimis,* it is not compensable. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692, 66 S.Ct. 1187, 1194, 90 L.Ed. 1515 (1946). Thus, defendant's challenge to the motion for partial summary judgment raises a factual issue with regard to the amount of time, if any, spent by plaintiffs on cleaning, fueling and maintaining their cars.

■ In the present case, however, plaintiffs are not asking the Court to determine, on summary judgment, the amount of time spent by plaintiffs on these activities; rather, the motion for partial summary judgment addresses whether or not the *type* of activity, if and to the extent that it is performed, is compensable. The Court, therefore, finds that defendant's argument based on the *de minimis* doctrine would not preclude summary judgment with regard to the compensability of time spent by plaintiffs cleaning, fueling, and maintaining their vehicles. The actual amounts of time spent by plaintiffs on such activities, and whether that time is substantial or negligible such as to be deemed *de minimis,* is a factual issue for resolution at trial.

■ Defendant next contends that any time plaintiffs claim for cleaning, fueling, and maintaining their police vehicles is exempted from compensation by the Portal to Portal Act of 1947, 29 U.S.C. § 254, as activities which are preliminary or postliminary to plaintiffs' principal activity as law enforcement officers.

The Portal to Portal Act provides, in pertinent part, that an employer need not compensate its employees for activities that are "preliminary or postliminary to" the "principal activity or activities" which an employee is engaged to perform and which occur prior to or subsequent to the time the workday commences and ceases, unless the employer is otherwise required to compensate its employees for such work by custom, contract, or practice. *See* 29 U.S.C. § 254(a)(2) and (b). The determination of the compensability of an activity thus depends upon whether the activity is a principal activity or a preliminary or postliminary activity.

■ The term "principal activity or activities" includes all activities that are "integral and indispensable" to the principal activity. *Truslow v. Spotsylvania County Sheriff,* 783 F.Supp. 274, 277 (E.D.Va.1992). The test for principal activities and integral and indispensable parts of such activities is "whether [the activities] are performed as

part of the regular work of the employees in the ordinary course of business." *Id.* (quoting *Dunlop v. City Elec., Inc.,* 527 F.2d 394, 401 (5th Cir.1976)). Decisions construing the Portal to Portal Act make clear that an integral and indispensable activity may well take place before or after an employee's regular hours. *See, e.g., Mitchell v. King Packing Co.,* 350 U.S. 260, 76 S.Ct. 337, 100 L.Ed. 282 (1956) (time spent by meat company butchers sharpening knives held an integral and indispensable part of principal activities); *Barrentine v. Arkansas–Best Freight Sys., Inc.,* 750 F.2d 47 (8th Cir.1984) (truck drivers' time spent on pre-shift safety inspections held an integral and indispensable part of principal work activity).

Of particular relevance to the instant case, are two cases where the Fifth Circuit held that activities similar to those claimed by plaintiffs here were not exempted under the Portal to Portal Act. In *Mitchell v. Mitchell Truck Line, Inc.,* 286 F.2d 721 (5th Cir.1961), the Fifth Circuit reversed a district court decision denying compensation to employee truck drivers for time spent before their ordinary workday maintaining and fueling their trucks, driving them from the yard to yard, waiting in line to be loaded and unloaded, and cleaning and refueling the trucks at the end of the workday. The Fifth Circuit found such activities "certainly such an integral part [of] and so indispensable to the employees' main job as to be outside the Portal-to-Portal exemption." *Id.* at 725.

Similarly, in *Dunlop v. City Elec., Inc.,* 527 F.2d 394 (5th Cir.1976), the Fifth Circuit held that pre–8:00 a.m. starting time chores performed by employee electricians and helpers, such as filling out time and material sheets and requisition forms, and fueling, loading and cleaning employer's trucks, were within the range of principal activities performed for the benefit of the business and were, thus, compensable. In so holding, the court stated that:

> [T]he excepting language of § 4 was intended to exclude from F.L.S.A. coverage only those activities 'predominantly ... spent in [the employees'] own interests.' The activities must be undertaken 'for [the employees'] own convenience, not being re-

quired by the employer and not being necessary for the performance of their duties for the employer.' The exemption was not intended to relieve employers from liability for 'any work of consequence performed for an employer' from which the company derives 'significant benefit.' Nor was the exemption to apply to work 'performed ... before or after the regular work shift ... [as] an integral and indispensable part of the principal activities for which covered workmen are employed.'

*Id.* at 398–99 (citations omitted) (alterations in original).

Here, plaintiffs drive their police vehicles with their dogs inside as part of their "regular work in the ordinary course of business." Thus, driving the vehicles and transporting the dogs qualify as principal activities carried out by plaintiffs. In support of their motion for partial summary judgment, plaintiffs have presented proof that the City requires its officers to ensure that assigned vehicles are properly maintained. Plaintiffs have further presented proof that special care had to be taken to ensure the cleanliness of the vehicles given that the dogs traveled in them constantly. In response to the motion for summary judgment, defendant has not set forth specific facts showing that any cleaning, fueling and maintenance performed by plaintiffs on their vehicles during off-the-clock time was done primarily in the employees' own interests as opposed to for the benefit of their employer.

Certainly, plaintiffs' police vehicles needed to be clean, fueled and properly maintained to facilitate the performance of plaintiffs' jobs in driving the vehicles. Accordingly, the Court finds that cleaning, fueling and maintaining the vehicles is an integral and indispensable part of plaintiffs' principal activity of driving the police vehicles and transporting the dogs. Plaintiffs are entitled to partial summary judgment as to the compensability of such activities to the extent that they were performed by plaintiffs and are found not to be *de minimis.* As noted above, any actual time spent on said activities is a factual issue for determination at trial.

### Care and Cleaning of Uniforms and Equipment

Finally, defendant contends that plaintiffs are not entitled to partial summary judgment with regard to the compensability of time spent in the cleaning and care of other police equipment, such as uniforms and guns. Defendant does not dispute that plaintiffs wear the uniform and carry their guns at the City's direction and for the City's benefit. Defendant does dispute, however, whether maintenance of such equipment goes *solely* to benefit the City, since plaintiffs allegedly also wear the uniforms and carry the guns to off-duty jobs as private security guards, performed for the plaintiffs' own financial gain. Defendant asserts that plaintiffs are able to demand a higher salary on such jobs due to their wearing of LRPD uniforms. Thus, the City contends, it should not be responsible for compensating plaintiffs for time spent cleaning and caring for this equipment, which goes to benefit plaintiffs as well as the City.

As noted above, the test for compensability of activities performed is whether the employer derives "significant benefit" from such activity, not whether the employer is the "sole" beneficiary. *See Henson v. Pulaski County Sheriff Dept.,* 6 F.3d 531 (8th Cir.1993) (standard is whether time spent "predominantly for the benefit of the employer"). As also noted above, defendant does not attempt to argue that plaintiffs' wearing of uniforms and carrying of guns is not at defendant's direction and for defendant's benefit. Indeed, it is obvious that defendant derives a "significant" benefit from the same. Accordingly, plaintiffs' motion for partial summary judgment is granted with regard to the compensability of time spent *by plaintiffs* caring for and cleaning their guns, uniforms and any other police equipment, to the extent that said time is found not to be *de minimis.*

The Court qualifies this finding by noting that a critical issue with regard to the amount of time compensable, if any, will be whether the use of the uniforms and guns at other jobs significantly increased the amount of time necessary for the maintenance of the equipment, such that the additional time spent on these activities did not "predominantly benefit" defendant.

### DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

#### Willfulness/Appropriate Statute of Limitations

In its motion for summary judgment, defendant first contends that it did not commit a willful violation of the FLSA and, therefore, is entitled to summary judgment applying a two, versus three, year statute of limitations to this action.

Based on a review of the entire record, the Court cannot, at this point, say that defendant is entitled to summary judgment on this issue. Although defendant has produced evidence, in support of its motion, of its efforts to correct any deficiencies in adequately compensating the officers once it asserts it became aware of the additional time being spent, plaintiffs have presented proof that they previously sought, unsuccessfully, to inform the City of the additional hours they were working and the compensability of said time. Plaintiffs have presented deposition testimony asserting that officers were discouraged from claiming certain off-the-clock time spent on dog care activities or were told various invalid reasons why the City would not compensate them for time spent on such activities. The Court cannot properly judge the credibility of the various witnesses on summary judgment. The Court finds that genuine issues of material fact remain with regard to this issue.

#### Liquidated Damages

The Court similarly finds that there are genuine issues of material fact with regard to the issue of liquidated damages. Again, the Court cannot make determinations of credibility on summary judgment. As both sides have presented conflicting evidence on the issue of the good faith and reasonableness, or lack thereof, of defendant's actions, summary judgment is precluded.

#### Minimum Wage for Dog Care Activities

Defendant next contends that plaintiffs are only entitled to minimum wage for the home dog care, because no specialized

training is required for performance of such tasks so as to qualify them as "law enforcement work." Defendant asserts that the prevailing practice is for canine officers to be paid minimum wage for dog care duties and cites the Court to DOL opinion letters stating that officers "do not have to be paid at the same rate of pay to perform these dog care activities as they do to perform law enforcement duties."

Plaintiffs, in response, argue that defendant failed to reach an agreement or understanding with the officers prior to the performance of the subject duties entitling the defendant to pay plaintiffs minimum wage for home dog care. Plaintiffs cite the Court to 29 U.S.C. § 207(g)(2) and (3) in support of their contention that a prior agreement or understanding between the parties is required. While the Court agrees with defendant's argument that most of the home dog care activities claimed by the plaintiffs are distinguishable from law enforcement duties requiring special skills of the officers, the Court finds that there are genuine issues of material fact with regard to whether the parties had a requisite understanding or agreement that such activities would be paid at a different rate and whether the off-duty activities differed from dog-care activities performed during on-duty hours such that the different rates are allowable under § 207(g). Accordingly, defendant's motion for summary judgment on this point is denied.

### Compensation for Travel Time

■ Defendant next contends that plaintiffs are not entitled to compensation for time spent traveling to and from work with their dogs. The City concedes that any time actually spent on law enforcement, such as stopping to work an accident, is compensable, but argues that officers are not entitled to pay for time spent merely *commuting* to and from work.

Based on a review of the statute and relevant case law, the Court agrees that, normally, time spent merely driving to and from work is not compensable. However, here, the Court finds that there are genuine issues of material fact with regard to the degree of control exercised by the City over the canine officers once inside their police vehicles with their dogs, in terms of whether the officers' activities are actually or effectively limited by virtue of their uniforms, marked cars and dogs. These facts are important to a determination of whether the officers' travel time constitutes performance of principal activities versus performance of preliminary or post-liminary activities such that such time would be exempted under the Portal to Portal Act. As such, summary judgment is denied on this point.

### "Law Enforcement" Exemption of 207(k)

■ Defendant next claims that it is entitled to the law enforcement exemption to overtime requirements found in 29 U.S.C. § 207(k). Under this exemption, defendant asserts that, based on relevant case law, it is not liable for overtime compensation until the officers have worked 43 hours during a seven-day work period.

There appears to be a genuine issue of material fact with regard to whether the City had adopted a seven-day work week so as to entitle them to pay overtime only after 43 hours during a seven-day work period despite the 40–hour provision in the labor contract between the City and its officers. *See Birdwell v. City of Gadsden,* 970 F.2d 802, 806 (11th Cir.1992) (reasoning that FLSA required the City to pay overtime after 40 hours, as provided in its labor contract, only if the City had not adopted a seven day work period). Therefore, summary judgment is denied on this issue.

### Estoppel

■ Finally, defendant contends that it is entitled to summary judgment because plaintiffs failed to follow the City's procedure for requesting overtime compensation. As the City admits in its brief, there is conflicting testimony on the issue of whether plaintiffs properly requested, or were discouraged from requesting, overtime compensation for the activities at issue. These factual issues preclude summary judgment on this point. To the extent that the City can establish, by admissible evidence, that plaintiffs have failed to adequately record their time and/or have not needed in excess of five hours per week to care for their dogs since the imple-

mentation of the March 1995 canine overtime policy, said evidence may be used by defendant to rebut the officers' claims concerning the amounts of time required for various tasks.

The Court does not find that plaintiffs should be equitably estopped from pursuing their FLSA claims due to their failure to pursue administrative remedies under the Fraternal Order of Police's collective bargaining agreement. Again, this ruling does not preclude defendant from presenting any admissible evidence to attempt to establish a constructive agreement by the officers to forgo compensation for any of the activities claimed in this action.

## MOTION FOR SUMMARY JUDGMENT ON RETALIATION CLAIM

The Court has carefully considered defendant's motion, and the responses and replies, on this issue. Although the Court agrees that plaintiffs may have a difficult time establishing a causal connection between the protected activity in this case and the alleged adverse employment action, the Court finds that factual issues preclude summary judgment on this point. Accordingly, the motion for summary judgment on the issue of retaliation is denied.

## MOTION FOR SUPPLEMENTAL DISCOVERY

This motion is denied. The Court finds that plaintiffs had ample time to pursue the additional discovery, or to seek an extension of the discovery deadline, prior to the expiration of the time allotted for discovery by the Court.

IT IS SO ORDERED.