**Kenneth KARR, et al., Plaintiffs,**

v.

**CITY OF BEAUMONT, TEXAS, et al., Defendants.**

No. 1:96–CV–213.

United States District Court, E.D. Texas, Beaumont Division.

Jan. 6, 1997.

Steven Lee Carnes, Houston, TX, Robert Anthony Armbruster, Houston, TX, for Plaintiffs.

Vander Lane Nichols and Joseph P. Sanders, City of Beaumont, Beaumont, TX, for Defendants.

*MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

SCHELL, Chief Judge.

Before the court are the parties' cross motions for summary judgment. The parties filed responses to one another's motions, and Plaintiffs filed a reply to Defendants' response to Plaintiffs' motion for summary judgment. Upon consideration of the motions, responses, and memoranda of law, the court is of the opinion that Plaintiffs' motion for summary judgment should be GRANTED IN PART AND DENIED IN PART and that Defendants' motion for summary judgment should be DENIED.

## BACKGROUND

Plaintiffs brought this action to recover from Defendants unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Portal to Portal Pay Act of 1947 ("Portal to Portal Act"), 29 U.S.C. §§ 251–262, and Texas Local Government Code, § 142.0015. Plaintiffs are police officers of the City of Beaumont and assigned to the Canine Division of the Beaumont Police Department.[1] Defendants are the City of Beaumont and its Chief of Police in his official capacity. Plaintiffs are seeking unpaid overtime compensation for care and transportation of their respective dogs and for related maintenance of the police vehicles used to transport the dogs.

## APPLICABLE STANDARD FOR SUMMARY JUDGMENT

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett,* 477. U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. at 2510. The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247, 106 S.Ct. at 2509. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). But if the non-

---

1. According to Plaintiffs' motion for summary judgment, two of the five Plaintiffs, David Hall and Charlie Porter, have entered into an agreed settlement of their claims against the Defendants. Pls.' Mot. for Summ.J. at 2. Plaintiffs expect formal acceptance upon receipt of the mutual release and settlement documents. *Id.*

movant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553. In this instance, the movant is not required to offer evidence to negate the nonmovant's claims. *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 885–86, 110 S.Ct. 3177, 3187–88, 111 L.Ed.2d 695 (1990). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). The nonmovant must adduce affirmative evidence. *Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514.

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 175–76 (5th Cir.1990), *cert. denied,* 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513. The evidence of the nonmovant, however, is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.*

## DISCUSSION

The primary issue for determination in this summary judgment context is whether the Plaintiffs are entitled to unpaid overtime compensation for care and transportation of their respective dogs and for related maintenance of the police vehicles used to transport the dogs. Apparently, the Plaintiffs seek primarily unpaid compensation prior to October 1995 because "after the Plaintiffs brought to the attention of the Defendants in October, 1995 that they were spending extra time maintaining their dog[s], the city changed procedures." Defs.' Mot. for Summ.J. at 13.

*Overtime Hours Worked*

■ The FLSA provides:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty· hours unless such employee receives compensation for his employment in excess of the hours above specified· at a rate not less than one and one-half times the regular rate at which he is employed.·

29 U.S.C. § 207(a)(1). "Work" means "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 598, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944).

■ "Under the [FLSA], an employee who brings suit for unpaid overtime compensation bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. International Tel. and Tel. Corp.,* 616 F.2d 1342, 1351 (5th Cir.1980), *cert. denied,* 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800 (1981) (citing· *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.,* 463 F.2d 1289, 1293 (D.C.Cir.), *cert. denied,* 409 U.S. 1012, 93 S.Ct. 441, 34 L.Ed.2d 306 (1972)). "Inaccurate wage and hour information, however, is not always fatal to a claim for minimum wage or overtime compensation under the [FLSA]." *Id.* "Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a 'sufficient basis' for damages."[2] *Id.* The Supreme Court has explained that the employer bears the risk of inadequate recordkeeping when it fails to pay compensation in accordance with the FLSA:

The solution · .... is not to penalize the employee by denying him any recovery on

---

**2.** The FLSA provides: "Every employer subject to any provision of this Act ... shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him...." 29 U.S.C. § 211(c).

the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. *In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.* The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. at 687–88, 66 S.Ct. at 1192 (emphasis added).

Defendants changed their overtime procedures after the Plaintiffs indicated that they were spending extra time caring for their dogs.[3] Defendants now deny that Plaintiffs have been required to work in excess of 40 hours per week to provide care and transportation of their respective dogs and related maintenance of the police vehicles used to transport the dogs. Defs.' First Am.Answer at ¶¶ 13, 17, 21, 25, 29. The essential question therefore is whether the Plaintiffs' care and transportation of their respective dogs and related maintenance of the police vehicles should be treated as hours worked under the FLSA and Portal to Portal Act.

■ "The Portal–to–Portal Act of 1947 to the FLSA provides, in pertinent part, that an employer need not compensate her employees for activities that are 'preliminary to or postliminary to' the 'principal activity or activities' which an employee is engaged to perform...." *Truslow v. Spotsylvania County Sheriff,* 783 F.Supp. 274, 277 (E.D.Va.1992) (citing 29 U.S.C. § 254(a)(2), (b)), *aff'd,* 993 F.2d 1539 (4th Cir.1993) (per curiam). "Thus, the determination whether an activity involves compensable hours worked pursuant to the Portal–to–Portal Act of 1947 depends upon whether the activity is a principal activity or a preliminary or postliminary activity. The term 'principal activity or activities' includes all activities that are 'integral and indispensable' to the principal activity." *Truslow,* 783 F.Supp. at 277 (citing *Steiner v. Mitchell,* 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267 (1956)).

■ The Fifth Circuit has created a test for determining whether activities are "integral and indispensable" to the principal activity. *See Dunlop v. City Elec., Inc.,* 527 F.2d 394, 401 (5th Cir.1976). "The test ... to determine which activities are 'principal' and which are 'an integral and indispensable part' of such activities, is ... whether they are performed as part of the regular work of the employees in the ordinary course of business." *Id.* at 400–01. "[W]hat is important is that such work is necessary to the business and is performed by the employees, primarily for the benefit of the employer, in the ordinary course of that business." *Id.* at 401. "[I]t is not only an employee's single predominant principal activity (and activities indispensable to it) which are compensable under the F.L.S.A., but rather all principal activities and any tasks incidental to them." *Id.* at 400. "Whether activities ... are preliminary or postliminary to the principal activity for which the employee is employed to perform is basically a fact question." *Blum v. Great Lakes Carbon Corp.,* 418 F.2d 283, 286 (5th Cir.1969), *cert. denied,* 397 U.S. 1040, 90 S.Ct. 1361, 25 L.Ed.2d 651 (1970).

■ On the summary judgment record before the court, Plaintiffs' care and transportation of their respective dogs and related maintenance of the police vehicles are principal activities for which Plaintiffs are entitled to overtime compensation. Plaintiffs' princi-

---

3. Defs.' Mot. for Summ.J. at 13 ("[A]fter the Plaintiffs brought to the attention of the Defendants in October, 1995 that they were spending extra time maintaining their dog[s], the city changed procedures.").

pal activity for their employer is working as police officers in the Canine Division. An integral and indispensable part of this work is the care and transportation of their respective dogs and related maintenance of the police vehicles. This work is necessary to the Canine Division's business and is performed by the officers in the Canine Division, primarily for the benefit of the police department in the ordinary course of its business. Courts are in agreement that canine officers' off-shift care of their dogs is a principal activity and compensable under the FLSA. *See Levering v. District of Columbia,* 869 F.Supp. 24, 26–27 (D.D.C.1994); *Nichols v. City of Chicago,* 789 F.Supp. 1438, 1442–43 (N.D.Ill.1992); *Truslow,* 783 F.Supp. at 277–79.

Plaintiffs' summary judgment evidence on this issue is undisputed. The Beaumont Police Department has had a policy requiring canine officers to care for the dogs, kennel the dogs at the officer's home, and maintain the city provided vehicles. Scofield Depo. at 32; Smith Depo. at 45–46, 110. This care is the individual responsibility of the canine officers 24 hours a day, 7 days a week. Scofield Depo. at 63, 69–70; Smith Depo. at 110. If canine officers do not adequately care for the dogs and maintain the vehicles, the officers could face disciplinary action. Smith Depo. at 45; Scofield Depo. at 32. Rather than disputing that the Plaintiffs' care for their dogs and maintenance of vehicles were an integral and indispensable part of their job assignments, Defendants' summary judgment evidence focuses merely on the amount of time the Plaintiffs spent caring for their dogs and maintaining their police vehicles after a shift. *See, e.g.,* Defs.' Mot. in Opposition to Summ.J. for Pls. at 5–7. Therefore, assuming that the Plaintiffs spent some time after their shifts caring for their dogs and maintaining their vehicles, the court determines as a matter of law that this work is a principal activity for which the Plaintiffs are entitled overtime compensation. Fact issues remain on exactly how much time each Plaintiff worked overtime and did not receive compensation.

*Knowledge of Being "Employed"*

▮ In addition to proving that Plaintiffs worked overtime, they have the burden of showing that they were "employed" by the Defendants during the periods of time for which Plaintiffs claim unpaid overtime. *Newton v. City of Henderson,* 47 F.3d 746, 748 (5th Cir.1995). An employee is "employed" during those hours that the employer had knowledge, actual or constructive, that the employee was working. *Id.* (citing *Davis v. Food Lion,* 792 F.2d 1274, 1276 (4th Cir.1986)). " 'An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation.' " *Newton,* 47 F.3d at 748 (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.,* 646 F.2d 413, 414 (9th Cir.1981)). If, however, the " 'employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207.' " *Newton,* 47 F.3d at 748 (quoting *Forrester,* 646 F.2d at 414). But, the Fifth Circuit modifies this rule in favor of the employee. "[A]n employee would not be estopped from claiming additional overtime if '[t]he court found that the employer knew or had reason to believe that the reported information was inaccurate.' " *Newton,* 47 F.3d at 749 (quoting *Brumbelow v. Quality Mills, Inc.,* 462 F.2d 1324, 1327 (5th Cir.1972)).

▮ On the summary judgment record, the court determines that Defendants had knowledge that Plaintiffs were working after their shifts to care for the dogs and maintain vehicles. Although the Plaintiffs may not have submitted overtime forms for this work, Defendants knew and had reason to believe that the work was being performed. Defendants had knowledge of this overtime work because they approved and required that it be done. The Beaumont Police Department has had a policy requiring canine officers to care for the dogs, kennel the dogs at the officer's home, and maintain the city provided vehicles. Scofield Depo. at 32; Smith Depo. at 45–46, 110. This care is the individ-

ual responsibility of the canine officers 24 hours a day, 7 days a week. Scofield Depo. at 63, 69–70; Smith Depo. at 110. Defendants argue that they were not on notice that the Plaintiffs were working overtime because the Plaintiffs did not submit overtime forms for payment. Defs.' Mot. for Summ.J. at 4. The Supreme Court, however, has explained that the employer bears the risk of inadequate recordkeeping when it fails to pay compensation in accordance with the FLSA. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. at 687, 66 S.Ct. at 1192 ("In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."). Additionally, Defendants' evidence that Plaintiffs did not submit overtime request forms is not significantly probative summary judgment evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11 ("If the evidence is merely colorable ... or is not significantly probative ... summary judgment may be granted.").

*Section 207(k) Exemption*

Although not supported by any evidence in the summary judgment record, Defendants claim a partial exemption from paying compensation for hours worked over forty.[4] Section 207(k) of the "FLSA partially exempts employees engaged in law enforcement from the requirements of [Section 207(a)(1)] because police officers generally work in shifts or tours." *Nichols*, 789 F.Supp. at 1440. Under this exemption, "[a] law enforcement employee must work 171 hours per 28 day period (or 42 and ¾ hours in a workweek) before the public agency must pay overtime." *Id.* at 1441 (citing 29 C.F.R. § 553.230). This exemption, however, can be preempted by other Federal or State laws. 29 U.S.C. § 218(a) ("No provision of [the FLSA] or of any order thereunder shall ex-

cuse noncompliance with any Federal or State law or municipal ordinance establishing ... a maximum workweek lower than the maximum workweek established under this Act....").

Defendants cannot claim the exemption under Section 207(k). Section 142.0015(f) of the Texas Local Government Code provides: "A police officer may not, except as provided by Subsection (g) or (j), be required to work more hours during a calendar week than the number of hours in the normal work week of the majority of the employees of the municipality other than fire fighters and police officers." Additionally, Subsection "j" provides: "The officer is entitled to overtime pay if the officer works more hours during a calendar month than the number of hours in the normal work month of the majority of the employees of the municipality other than fire fighters and police officers." Tex.Loc.Gov't Code Ann. § 142.0015(j). Civilian employees working for the City of Beaumont are compensated for time worked in excess of 40 hours in a work week. City of Beaumont Policies and Procedures Manual, Policy No. 1.10.III (Attachment "H" to Defs.' Mot. for Summ.J.); Scofield Depo. at 18. Thus, to comply with the Texas Local Government Code, Defendants are required to pay police officers for time worked in excess of 40 hours per week. Under Section 218 of the FLSA, Defendants cannot rely on the Section 207(k) exemption because this exemption cannot "excuse noncompliance with any Federal or State law or municipal ordinance establishing ... a maximum workweek lower than the maximum workweek established under this Act...." Moreover, the summary judgment evidence does not indicate that the City of Beaumont has ever attempted to adopt the Section 207(k) exemption.

*Statute of Limitations*

Section 255(a) of the FLSA imposes a two-year statute of limitations for

---

4. "[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41

L.Ed.2d 1 (1974). "Exemptions from the FLSA are to be construed narrowly against the employer...." *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1137 (5th Cir.1988) (citations omitted).

violations of the FLSA. 29 U.S.C. § 255(a). The statute of limitations is extended to three years for a willful violation of the FLSA. *Id.* "A cause of action for overtime wages accrues at each regular payday immediately following the work period during which services were rendered and for which overtime compensation is claimed." *Truslow,* 783 F.Supp. at 279. The statute is tolled when the plaintiff's complaint is filed. 29 U.S.C. §§ 255(a), 256. To show a willful violation of the FLSA, the "plaintiff bears the burden of establishing that his former employers 'either knew or showed reckless disregard for the matter whether [their] conduct was prohibited by the statute.'" *Truslow,* 783 F.Supp. at 279 (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988)). Willfulness is a fact issue for the jury. *Fowler v. Land Management Groupe, Inc.,* 978 F.2d 158, 162–63 (4th Cir.1992).

█ On the summary judgment record, the court determines that a reasonable jury could find that the Defendants willfully violated the overtime provisions of the FLSA. Defendants offer summary judgment evidence that Plaintiffs never submitted requests for overtime that is the subject of the pending Complaint, and that Plaintiffs were paid overtime for dog care whenever they submitted a request. *See* Defs.' Mot. for Summ.J. at 15. Having the burden on this issue, Plaintiffs, however, have set forth specific facts showing that there is a genuine issue for trial. Namely, Plaintiffs indicate that, while the Defendants admit in their Answer to being bound by the FLSA, Defendants never conducted a survey or solicited information from the Plaintiffs as to whether they were having to work during their off-duty hours to provide for their dogs and maintain their city vehicles. Scofield Depo. at 58–59. On its face, this specific fact may not indicate that the Defendants showed reckless disregard for whether its conduct was prohibited by the FLSA, but in this summary judgment context the court is required to draw any reasonable inference in the nonmovants' (here the Plaintiffs') favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. at 2513. This reasonable inference, which could be made by a reasonable jury, is that Defendants showed reckless disregard for whether their conduct was prohibited by the FLSA by having knowledge that they were bound by the FLSA and failing to abide by its overtime provisions.

*Liquidated Damages*

█ Section 216(b) of the FLSA provides that any employer who violates the FLSA shall be liable for "unpaid overtime compensation ... and in an additional equal amount as liquidated damages." But, "if [an] employer shows to the satisfaction of the court that the act or omission giving rise to [the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section [216(b) of the FLSA]." 29 U.S.C. § 260. "An employer found liable under section 206 or section 207 has the 'substantial burden' of proving to the satisfaction of the trial court that its acts giving rise to the suit are *both* in good faith *and* reasonable." *Mireles v. Frio Foods, Inc.,* 899 F.2d 1407, 1415 (5th Cir.1990) (emphasis in original). The Fifth Circuit has explained this burden:

> [T]he presumption of willfulness stands, absent positive and compelling proof of good faith. It is not enough, for instance, to plead and prove ignorance of the wage requirements. Knowledge will generally be imputed to the offending employer.... Nor does the complete ignorance of the possible applicability of the [FLSA] shield the employer from liability for liquidated damages.... Good faith requires some duty to investigate potential liability under the [FLSA]....
>
> Lack of good faith is demonstrated when an employer "knows, or has reason to know, that his conduct is *governed by* the [FLSA]."

*Reeves,* 616 F.2d at 1353 (internal citations omitted) (emphasis in original). "Mere ignorance of the provisions of the [FLSA] is an insufficient ground to defeat the 'reasonable

**1326**

grounds' exception authorized by § 260." *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir.1990).

 Because fact issues remain with regard to the amount of damages that Plaintiffs are entitled to, the court declines at this point to determine whether an award of liquidated damages would be appropriate.

*Attorney's Fees*

In their motion for summary judgment, Plaintiffs seek an award of attorney's fees and costs. The FLSA provides: "The court in [a FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). If, after a trial of the remaining issues, the Plaintiffs are entitled to a favorable judgment, the court will make an award of reasonable attorney's fees and costs upon motion and sufficient affidavits of the Plaintiffs.

CONCLUSION

Therefore, Plaintiffs' Motion for Summary Judgment is GRANTED with respect to the liability of the Defendants for any unpaid overtime that the Plaintiffs worked in caring for their dogs and maintaining their vehicles after regular shifts but DENIED with respect to the issues of amount of unpaid overtime worked, statute of limitations, liquidated damages, and attorney's fees. Further, Defendants' Motion for Summary Judgment is DENIED.